NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONY E. DELGADO TREJO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1904

Agency No.
A094-331-592

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023[**]
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Dony Delgado Trejo, a native and citizen of Honduras, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an immigration judge ("IJ") denying her application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Delgado's testimony and written application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ provided "specific and cogent" reasons for finding Delgado not credible, *Shrestha v. Holder*, 590 F.3d 1034, 1042–43 (9th Cir. 2010), including her repeated references to her "husband" and her later admission that she was not lawfully married, inconsistent testimony about her interactions with Honduran police, and insufficient detail regarding past threats. The record does not compel a contrary conclusion on the issue of credibility. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (this Court "will only overturn the IJ's conclusion when the evidence compels a contrary result" (cleaned up)).

2. Given the adverse credibility determination, Delgado has not established eligibility for asylum or withholding. The evidence other than her testimony does not compel a finding in her favor; her children's testimony conflicted with hers, and although country reports demonstrate generalized violence, they do not compel a finding that Delgado herself is at risk of future persecution. *See Shrestha*, 590 F.3d at 1048 ("Absent [] discredited testimony, there is no objective evidence" establishing "persecution based on a protected ground.").

3. "An adverse credibility determination does not, by itself, necessarily

defeat a CAT claim," *Garcia*, 749 F.3d at 791 (citation omitted), "[b]ut when the petitioner's testimony is found not credible, to reverse the BIA's decision denying CAT protection, we would have to find that the reports alone compelled the conclusion that the petitioner is more likely than not to be tortured," *Shrestha*, 590 F.3d at 1048–49 (cleaned up). Delgado did not show previous torture, and the country reports do not compel a finding that Delgado, specifically, is at risk of torture. And, substantial evidence supports the agency's determination that, even if credible, Delgado failed to establish that it is "more likely than not" that she would be tortured if removed. 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**